Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| OMAR SAFAR HALABI<br><br>*Peticionario*<br><br><br>v.<br><br><br>CARLOS NOEL BERRÍOS CASILLAS<br><br>*Recurrido* | TA2026CE00509 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV07091<br><br>Sobre: Daños y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de junio de 2026.

Comparece ante nos el señor Omar Safar Halabi (señor Safar Halabi o peticionario) mediante recurso de *Certiorari* y solicita que revoquemos la *Orden*[1] emitida y notificada el 25 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción de Reconsideración*[2] presentada por el peticionario, referente a una *Orden*[3] emitida y notificada el 5 de marzo de 2026, la cual dio por admitidos tácitamente los requerimientos de admisiones cursados por el señor Carlos Noel Berríos Casillas (señor Berríos Casillas o recurrido).

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

### I.

El caso de autos tuvo su génesis el 30 de julio de 2024, cuando el peticionario instó una *Demanda*[4] de daños y perjuicios,

---

[1] Apéndice 163 del recurso de *Certiorari*.
[2] Apéndice 152 del recurso de *Certiorari*.
[3] Apéndice 147 del recurso de *Certiorari*.
[4] Apéndice 1 del recurso de *Certiorari*.

abuso de derecho y persecución maliciosa en contra del señor Berríos Casillas. Tras varios incidentes procesales, el 20 de marzo de 2025, el recurrido sometió su *Contestación a la Demanda y Reconvención*[5]. No obstante, el 25 de marzo de 2025, el señor Berríos Casillas presentó una *Enmienda a Contestación a la Demanda y Reconvención*[6]. Específicamente, en la reconvención, el recurrido adujo que el señor Safar Halabi incurrió en varias actuaciones que lo llevaron a solicitar una orden de protección, la cual le fue otorgada el 16 de septiembre de 2022[7]. Dichas actuaciones, se basaron en mensajes de texto con insultos, amenazas y propagación de "información falsa", "historias de contenido sensitivo relacionado con alegados actos violentos, y de tipo sexual, contra mujeres", "comunicaciones por correo electrónico del mismo modo amenazantes"[8]. De igual manera, puntualizó que el peticionario había instado varios pleitos en su contra, por ello, adujo persecución maliciosa y daños y perjuicios.

Tras varios incidentes procesales, el 2 de febrero de 2026, se le cursó un *Requerimiento de Admisiones*[9] al peticionario. El 24 de febrero de 2026, el señor Safar Halabi instó una *Moción en Solicitud de Prórroga para Contestar Requerimiento de Admisiones*[10]. En la misma, esgrimió que el 11 de febrero de 2026, el recurrido produjo una serie de correos electrónicos relacionados a los requerimientos de admisiones los cuales tenían que ser evaluados. Por tal razón, solicitó un término de treinta (30) días para poder notificar cualquier contestación a dicho *Requerimiento de Admisiones*.

En igual fecha, el señor Berríos Casillas presentó una *Solicitud de Orden Bajo la Regla 33 de Procedimiento Civil*[11] en la cual solicitó

---

[5] Apéndice 61 del recurso de *Certiorari*.
[6] Apéndice 68 del recurso de *Certiorari*.
[7] Número de caso SJL284-2022-02814.
[8] Apéndice 68 del recurso de *Certiorari*, pág. 19.
[9] Apéndice 136 del recurso de *Certiorari*, Anejo *Requerimiento de Admisiones*.
[10] Apéndice 135 del recurso de *Certiorari*.
[11] Apéndice 136 del recurso de *Certiorari*.

que se dieran por admitidos todos los requerimientos cursados. Esto, debido a que el peticionario tenía veinte (20) días, es decir, hasta el 22 de febrero de 2026, para presentar su contestación al *Requerimiento de Admisiones*. Así pues, el foro recurrido le concedió cinco (5) días al señor Safar Halabi para que mostrara causa por la cual no se debían dar por admitidos los requerimientos de admisiones[12].

El 25 de febrero de 2026, el recurrido sometió su *Oposición a Prórroga*[13] para contestar los requerimientos de admisiones, en la que adujo que los mensajes de texto y correos electrónicos a los que se hacía referencia en la prórroga siempre estuvieron en manos del peticionario por haber sido suscritos por éste. Asimismo, alegó que el 9 de febrero de 2026 se celebró una vista, en la cual se discutió el calendario de descubrimiento de prueba y la necesidad de contestar el descubrimiento. No obstante, en ningún momento el señor Safar Halabi solicitó la prórroga y tampoco indicó no tener los documentos que se mencionan en el requerimiento de admisiones.

Por su parte, el 3 de marzo de 2026, el peticionario presentó *Moción en Cumplimiento de Orden*[14] en la cual señaló que no fue hasta el 11 de febrero de 2026 que el recurrido proveyó documentos suplementarios relacionados con correos electrónicos y mensajes de texto, los cuales resultaban indispensables para poder rastrear el tracto de las conversaciones, verificar su veracidad y formular una contestación responsable bajo la Regla 33 de las de Procedimiento Civil, *infra*. Asimismo, sostuvo que el término para contestar debió comenzar a transcurrir desde la notificación suplementaria del 11 de febrero de 2026. Por tal razón, solicitó que no se tuvieran por

---

[12] Apéndice 137 del recurso de *Certiorari*, *Orden* del 24 de febrero de 2026.
[13] Apéndice 139 del recurso de *Certiorari*.
[14] Apéndice 141 del recurso de *Certiorari*.

admitidos los requerimientos de admisiones y se le concediera una prórroga de treinta (30) días adicionales.

Evaluadas las posiciones de las partes, el 5 de marzo de 2026, el TPI emitió y notificó una *Orden* en la cual dictaminó que:

[...]

> Las razones incluidas en la oposición no constituyen justa causa para excusar el incumplimiento con el término dispuesto en la Regla 33 de Procedimiento Civil. Tampoco se mostró justa causa por lo cual la prórroga se solicitó tardíamente.
>
> Por ende, no habiendo sido contestados bajo juramento ni objetado el Requerimiento de Admisiones enviado el 2 de febrero de 2026, quedó admitido tácitamente [conforme] dispone la Regla 33 de Procedimiento Civil[15].

Inconforme, el 17 de marzo de 2026, el peticionario sometió una *Moción de Reconsideración*[16] en la cual informó que el 16 de marzo de 2026 se notificó la contestación al *Requerimiento de Admisiones*. Además, alegó que parte de la razón por la cual no se pudo contestar el *Requerimiento de Admisiones* en el término de veinte (20) días, fue porque tuvo que viajar a Cleveland para atender la situación de enfermedad de su padre, quien fue diagnosticado con cáncer[17].

El 24 de marzo de 2026, el señor Berríos Casillas presentó su oposición a la reconsideración presentada por el peticionario[18]. Allí arguyó que la prórroga fue presentada fuera del término de los veinte (20) días y que el señor Safar Halabi no presentó justa causa para no haber contestado el *Requerimiento de Admisiones*. De igual forma, argumentó que haber tenido que salir de la jurisdicción de Puerto Rico para atender la enfermedad de su padre no era justa causa y que debió haber presentado la solicitud de prórroga dentro de los veinte (20) días.

---

[15] Apéndice 147 del recurso de *Certiorari*, pág. 3.
[16] Apéndice 152 del recurso de *Certiorari*.
[17] *Íd.*, Anejo 1 y 2, confirmación del vuelo y el expediente médico del padre del señor Safar Halabi.
[18] Apéndice 159 del recurso de *Certiorari, Moción en Cumplimiento de Orden y en Oposición a Reconsideración.*

Analizados los escritos de las partes, el 25 de marzo de 2026, el TPI emitió y notificó una *Orden* en la cual declaró *No Ha Lugar* la reconsideración presentada por el peticionario.

Insatisfecho aun, el 24 de abril de 2026, el señor Safar Halabi acudió a este tribunal intermedio y le imputó al foro recurrido el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DAR POR ADMITIDOS LOS REQUERIMIENTOS DE ADMISIONES DE FORMA TACITA, LOS CUAL NO SOLO CONSTITUYE UN ABUSO DE DISCRECIÓN, SINO UN ERROR QUE AFECTARÁ ADVERSAMENTE LA RECLAMACIÓN O DEFENSA DE LA PARTE COMPARECIENTE QUIEN OBTUVO LA ADMISIÓN, LO CUAL PUEDE LLEVAR AL FRACASO DE LA JUSTICIA.

El 27 de abril de 2026, emitimos y notificamos una *Resolución* en la que concedimos al recurrido hasta el 7 de mayo de 2026 para que se expresara en cuanto al recurso presentado. Luego de concederle una prórroga al señor Berríos Casillas[19], el 9 de mayo de 2026 sometió su *Alegato en Oposición a Certiorari.* Allí adujo que, el término para contestar un requerimiento de admisiones comenzaba una vez recibido el mismo; los documentos a los que se refería el requerimiento en sí eran anejos; los documentos enviados eran emails a los que el señor Safar Halabi tenía acceso y podía revisar, por estar copiado y/o ser la persona que los envió.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[20] y conforme a los criterios que dispone la Regla

---

[19] Entrada núm. 3 y 4 del expediente del Tribunal de Apelaciones (TA).
[20] 32 LPRA Ap. V, R. 52.1.

40 del Reglamento del Tribunal de Apelaciones[21]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[22]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[23].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[24]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[25].
> [...]

---

[21] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

[22] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

[23] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

[24] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).

[25] 32 LPRA Ap. V, R. 52.1.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

Nuestras Reglas de Procedimiento Civil[26], establecen varios mecanismos para permitir a las partes descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir

---

[26] 32 LPRA Ap. V.

toda la información relacionada con su caso, independientemente de quién la posea[27].

Las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. En esencia, su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso[28].

En múltiples ocasiones se ha establecido que dicho mecanismo de descubrimiento de prueba debe ser uno amplio y liberal, de manera que se logren soluciones justas, rápidas y económicas a las controversias existentes entre las partes [29]. No obstante, la flexibilización de este procedimiento no implica que el mismo sea uno ilimitado[30]. El Tribunal de Primera Instancia tiene amplia discreción para pautar el procedimiento sobre el descubrimiento de prueba que se va a seguir[31]. En consideración a lo anterior, el tribunal viene obligado a cumplir con la máxima de llevar a cabo un proceso justo para las partes, asumiendo un rol activo en el mismo y como tal tiene discreción para limitar o extender el alcance para descubrir prueba[32].

**-C-**

El requerimiento de admisiones o autenticidad de documentos es un escrito que una parte le dirige a otra para que admita la

---

[27] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000), citando a: J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Pubs. J.T.S., 1985, Vol. II, pág. 123.

[28] *Rivera y otros v. Bco. Popular, supra*, págs. 151-152.

[29] *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021); *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009); *Lluch v. España Service Sta.*, 117 DPR 729, 744 (1986).

[30] *Alfonso Bru v. Trane Export*, 155 DPR 158, 167-168 (2001).

[31] *Berríos Falcón v. Torres Merced, supra*, pág. 971; *Vellón v. Squibb Mfg., Inc.,* 117 DPR 838, 849 (1986).

[32] 32 LPRA Ap. V, R. 34.3.

certeza de ciertos hechos o la autenticidad de ciertos documentos[33]. Según comenta el tratadista J. Cuevas Segarra, *"[e]ste es un mecanismo sencillo y económico, de excepcional utilidad en la práctica contenciosa"*[34]. Aunque la jurisprudencia considera que el requerimiento de admisiones no es propiamente un mecanismo de descubrimiento de prueba, [citas omitidas], ciertamente es un instrumento eficaz para delimitar las controversias y para lograr admisiones que acorten la audiencia y eviten gastos innecesarios con las admisiones que son admisibles en evidencia[35].

Ahora bien, el requerimiento de admisiones está regulado por la Regla 33 de Procedimiento Civil[36], que dispone:

> Todas **las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia.** A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento, debiéndose en este caso apercibirle en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. (Énfasis nuestro).

Si la parte a quien se le notificó no cumple con en el término antes señalado, *"las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas"*[37]. Igualmente, señala el profesor R. Hernández Colón, que al recibir el requerimiento la parte puede:

> No hacer nada: En ese caso, expirado el término de 20 días de la regla, o el concedido, se tendrán por admitidos los hechos o la autenticidad de los documentos. En otras palabras, para que se tengan por admitidos los hechos no es necesario que la parte contraria haga algo; no tiene que presentar una contestación[38].

---

[33] *R. Hernández Colón, Derecho Procesal Civil, 6ta ed., San Juan, LEXISNEXIS DE PUERTO RICO, INC., 2017, pág. 369.*
[34] *J. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da. Ed., Estados Unidos de Norte América, Publicaciones JTS, 2011, Tomo III, pág. 1000.*
[35] *Íd.*, pág. 1001.
[36] 32 LPRA Ap. V, R. 33.
[37] *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 172 (2007).
[38] *R. Hernández Colón, op. cit.,* pág. 370.

Por lo tanto, la admisión de un requerimiento se considerará definitiva, salvo que el tribunal permita su retiro o una enmienda a ésta[39]. Por otra parte, nuestro Tribunal Supremo ha declarado que en "el ejercicio de su discreción el tribunal debe interpretar la regla de forma flexible favoreciendo, en los casos apropiados, que el conflicto se dilucide en los méritos"[40].

Finalmente, al examinar la naturaleza jurídica referente a la objeción del requerimiento de admisiones, el tratadista J. Cuevas Segarra, afirma:

> Para impugnar requerimientos de admisiones es imprescindible exponer objeciones en forma precisa y específica, ya que la carga de persuasión en cuanto a la validez de éstos recae sobre la parte objetante, pero antes de acudir al tribunal con objeciones formales, la parte objetante debe intentar de buena fe de manera extrajudicial de resolver la controversia al amparo de la Regla 34.1. Sólo así y acompañando la moción con una certificación particularizada de los esfuerzos razonables para llegar a un acuerdo con el abogado de la parte adversa, es que procedería interponer la moción cuestionando las contestaciones a los requerimientos de admisiones o las objeciones al requerimiento formulado. En tal caso, debe relacionarse en la moción por separado el requerimiento, su contestación y la base para su impugnación. A menos que el tribunal determine que una objeción al requerimiento está justificada, ordenará que se conteste lo requerido[41].

**III.**

En síntesis, el señor Safar Halabi solicitó la revocación del dictamen recurrido al sostener que el TPI erró al dar por admitido, de forma tácita, el *Requerimiento de Admisiones* presentado por el recurrido. A su juicio, el término para contestar dicho requerimiento debía comenzar a computarse a partir del 11 de febrero de 2026, fecha en la cual el señor Berríos Casillas notificó ciertos anejos relacionados con este, y no desde el 2 de febrero de 2026, cuando se cursó originalmente el *Requerimiento de Admisiones*.

Por su parte, el señor Berríos Casillas sostuvo que el foro recurrido no abusó de su discreción ni incurrió en error de derecho.

---

[39] *Rivera Prudencio v. Mun. de San Juan, supra,* pág.171.
[40] *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 574 (1997).
[41] *J. Cuevas Segarra, op. cit.,* pág. 1002.

Argumentó que, al considerar la totalidad de las circunstancias del caso, el peticionario había incurrido en múltiples incumplimientos previos, no solicitó oportunamente una prórroga para contestar el requerimiento de admisiones ni presentó oportunamente objeciones sobre la necesidad de documentos adicionales. Además, señaló que el señor Safar Halabi contaba con los documentos objeto de las admisiones desde el 2 de febrero de 2026, fecha en que recibió los requerimientos.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente, pues la *Orden* en controversia no está contemplada bajo la precitada regla. Por otro lado, ninguno de los planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia ni que se trata de un asunto que reviste interés público.

Asimismo, al haber considerado los hechos del caso de marras, no estamos convencidos que se cumple con alguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

En fin, el recurso no es revisable, por lo cual, procede denegarlo sin trámite ulterior para que continúen los procedimientos correspondientes.

### IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari* de epígrafe. Se devuelve el caso al foro de instancia para la continuación de los procedimientos[42].

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís

Secretaria del Tribunal de Apelaciones

---

[42] Al amparo de la Regla 35 (A)(1) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin necesidad de esperar por nuestro mandato. La Regla 35 (A)(1) dispone: "La presentación de una solicitud de *certiorari* **no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones**. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario".